IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FILED
MAR 26 2013
IN THIS OFFICE
Clerk U. S. District Court
Greensboro, N. C.
By _____

UNITED STATES OF AMERICA :
:
v. : 1:13CR 121 -1
:
CLAUDE ARTHUR VERBAL, II :

The Grand Jury charges:

COUNT ONE

INTRODUCTORY ALLEGATIONS

1. At all times material herein, CLAUDE ARTHUR VERBAL, II, owned and controlled Nothing But Taxes (NBT), a statewide tax return preparation business with branches in Greensboro, Burlington, Durham, and elsewhere in North Carolina.

2. At all times material herein, CLAUDE ARTHUR VERBAL, II, employed managers to oversee the operations of each NBT branch. These managers also prepared tax returns for clients.

3. At all times material herein, CLAUDE ARTHUR VERBAL, II, and the managers hired employees at each NBT location to prepare tax returns for clients.

4. At all times material herein, the branch managers and numerous return preparers at each NBT location offered clients "the hookup," that is, a fraudulently inflated tax refund, at the direction of CLAUDE ARTHUR VERBAL, II. CLAUDE ARTHUR

VERBAL, II, also offered "the hookup" to NBT clients whose tax returns he personally prepared.

5. At all times material herein, in exchange for "the hookup," CLAUDE ARTHUR VERBAL, II and his NBT employees charged clients cash fees, separate and apart from the fees the clients paid NBT. These cash payments were made directly from the clients to the person that prepared the false tax return. CLAUDE ARTHUR VERBAL, II, and others referred to these cash payments as "eating."

## STATUTORY ALLEGATIONS

Beginning in or around October 2005, and continuing through at least January 2012, the exact dates to the Grand Jurors unknown, in the Counties of Guilford, Alamance, and Durham, in the Middle District of North Carolina, and elsewhere, CLAUDE ARTHUR VERBAL, II, knowingly and unlawfully conspired with Leslie Louise Brewster and divers other persons, known and unknown to the Grand Jurors, to defraud the United States by impeding, impairing, obstructing, and defeating the lawful functions of the Internal Revenue Service in ascertaining, computing, assessing, and collecting income taxes.

## METHOD AND MEANS OF THE CONSPIRACY

1. It was part of the conspiracy that CLAUDE ARTHUR VERBAL, II, the NBT managers, and numerous return preparers at each NBT location in the Middle District of North Carolina would

2

and did intentionally falsify federal income tax returns for NBT clients, resulting in clients receiving a larger tax refund than they were actually entitled to receive, all for the purpose of increasing profits for NBT and CLAUDE ARTHUR VERBAL, II. Common falsifications included fictitious wages, fictitious Schedule C businesses and associated business income or losses, fictitious education expenses and education credits, false dependents, and inflated Earned Income Tax Credits.

2. It was further a part of the conspiracy that CLAUDE ARTHUR VERBAL, II, Leslie Louise Brewster, and other conspirators maintained lists of false dependent information, including names, dates of birth, and Social Security numbers, to be claimed as false dependents on clients' tax returns.

3. It was further a part of the conspiracy that CLAUDE ARTHUR VERBAL, II, would and did train NBT employees to falsify tax returns. In particular, CLAUDE ARTHUR VERBAL, II, trained NBT employees how to inflate a client's refund.

4. It was further a part of the conspiracy that NBT employees would and did escort clients to banks and check-cashing businesses to cash their refund checks, to ensure that any cash payments to the return preparers for "the hookup" were promptly paid.

5. It was further a part of the conspiracy that CLAUDE ARTHUR VERBAL, II, would and did arrange for NBT to apply for

3

multiple Electronic Filing Identification Numbers (EFINs) from the Internal Revenue Service, which allowed NBT branches to electronically file tax returns on its clients' behalf.

6. It was further a part of the conspiracy that CLAUDE ARTHUR VERBAL, II, would and did apply for EFINs in the name of relatives who did not work for NBT. CLAUDE ARTHUR VERBAL, II, applied for EFINs in the names of relatives in an attempt to conceal the involvement of CLAUDE ARTHUR VERBAL, II, in the conspiracy. CLAUDE ARTHUR VERBAL, II, also applied for EFINs in relatives' names to allow him to re-establish EFINs for NBT branches after the IRS had cancelled other EFINs due to fraud at the NBT branches.

OVERT ACTS

To accomplish the object of the conspiracy, CLAUDE ARTHUR VERBAL, II, and others, performed and caused to be performed the following overt acts in the Middle District of North Carolina, and elsewhere:

1. On or about October 6, 2005, CLAUDE ARTHUR VERBAL, II, filed an assumed-name certificate with the Durham County Register of Deeds, stating that Beyond Infinity, Inc., a corporation CLAUDE ARTHUR VERBAL, II, established in 1997, would be operating under the name Nothing But Taxes.

2. On or about December 16, 2005, CLAUDE ARTHUR VERBAL, II, opened a bank account for Beyond Infinity, Inc., doing business as Nothing But Taxes.

3. In or about January 2006, CLAUDE ARTHUR VERBAL, II, opened NBT's first location on Fayetteville Street in Durham.

4. In or around January 2006, CLAUDE ARTHUR VERBAL, II, instructed T.H., a return preparer at NBT's Fayetteville Street location, how to prepare false tax returns as described above.

5. In or about February 2006, CLAUDE ARTHUR VERBAL, II, offered "the hookup" to Leslie Louise Brewster in exchange for $800 cash, which she accepted. CLAUDE ARTHUR VERBAL, II, then prepared a 2005 federal income tax return for Leslie Brewster which reported a false dependent.

6. In or about February 2006, after preparing the false return described in Overt Act No. 5 listed above, CLAUDE ARTHUR VERBAL, II, hired Leslie Louise Brewster to recruit clients for NBT, and promised to pay her more if a client she recruited received "the hookup."

7. In or about November 2006, CLAUDE ARTHUR VERBAL, II, hired Leslie Louise Brewster as return preparer for NBT and instructed her how to prepare false tax returns.

8. In or about January 2007, CLAUDE ARTHUR VERBAL, II, opened additional NBT branches.

5

9. In or about November 2007, CLAUDE ARTHUR VERBAL, II, promoted Leslie Louise Brewster to branch manager of the Burlington branch of NBT.

10. In or about December 2007, CLAUDE ARTHUR VERBAL, II, held a staff meeting for the managers and return preparers of the various NBT branches in Raleigh. At the staff meeting, CLAUDE ARTHUR VERBAL, II, encouraged the managers and return preparers to maximize their "eating."

11. In or about December 2007, at the staff meeting described in Overt Act No. 10 listed above, CLAUDE ARTHUR VERBAL, II, notified NBT's managers and return preparers that NBT and its clients were attracting scrutiny from the North Carolina Department of Revenue for reporting excessive Schedule C losses. CLAUDE ARTHUR VERBAL, II, directed the managers and return preparers that going forward, tax returns they prepared for clients should not claim fictitious Schedule C losses in excess of $5,000.

12. In or about January 2008, CLAUDE ARTHUR VERBAL, II, opened additional NBT locations, including one on Holloway Street in Durham.

13. In or about January 2009, CLAUDE ARTHUR VERBAL, II, opened additional NBT locations.

14. In or about December 2009, CLAUDE ARTHUR VERBAL, II, held a staff meeting for managers and return preparers of NBT.

6

At this meeting, CLAUDE ARTHUR VERBAL, II, announced that return preparers would be limited to preparing twenty returns per week, meaning return preparers would be limited to a total weekly salary from NBT of $500. CLAUDE ARTHUR VERBAL, II, stated that this limitation was justified because the return preparers were "eating" on the side.

15. In or about December 2009, at the staff meeting described in Overt Act No. 14 listed above, in response to increasing scrutiny from the North Carolina Department of Revenue, CLAUDE ARTHUR VERBAL, II, directed NBT's employees to stop using Schedule C losses to inflate refunds for clients, and directed them to start using other false items, such as fictitious IRA contributions, instead.

16. In or about March 2010, N.B., the manager of NBT's location on Holloway Street in Durham, complained to CLAUDE ARTHUR VERBAL, II, that the Holloway Street location was losing business because that location ran out of false dependent information to use on falsified tax returns.

17. In or about March 2010, in response to the complaint described in Overt Act 16, CLAUDE ARTHUR VERBAL, II, instructed N.B. to obtain additional false dependent information from T.W., the manager of the Fayetteville Street location in Durham.

18. On or about November 10, 2010, CLAUDE ARTHUR VERBAL, II, submitted an EFIN application to the Internal Revenue

7

Service in the name of a relative who had no role in managing or operating NBT. CLAUDE ARTHUR VERBAL, II, paid this relative $10,000 in exchange for allowing CLAUDE ARTHUR VERBAL, II, to use the relative's name on the EFIN application.

19. On or about January 10, 2012, CLAUDE ARTHUR VERBAL, II, submitted an EFIN application to the Internal Revenue Service in the name of another relative, who had no role in managing or operating NBT.

20. On or about the dates listed below in Counts Two through Sixteen, CLAUDE ARTHUR VERBAL, II, prepared false tax returns for the NBT clients listed in those counts, and submitted the returns to the Internal Revenue Service.

All in violation of Title 18, United States Code, Section 371.

COUNT TWO

On or about January 5, 2007, in the County of Durham, in the Middle District of North Carolina, CLAUDE ARTHUR VERBAL, II, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under the Internal Revenue laws of a U.S. Individual Income Tax Return, Form 1040, for the calendar year 2006, for a taxpayer whose initials are K.S., which was false and fraudulent as to a material matter, in that it represented that K.S. was entitled to claim a dependent with the initials N.S. on IRS Form 1040, line 6c, and to claim a

8

business loss of $20,049 on IRS Form 1040, line 12, whereas, as CLAUDE ARTHUR VERBAL, II, then well knew, K.S. did not have such a dependent and did not incur a business loss in the amount claimed; in violation of Title 26, United States Code, Section 7206(2).

COUNT THREE

On or about January 8, 2007, in the County of Durham, in the Middle District of North Carolina, CLAUDE ARTHUR VERBAL, II, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under the Internal Revenue laws of a U.S. Individual Income Tax Return, Form 1040, for the calendar year 2006, for a taxpayer whose initials are P.M., which was false and fraudulent as to a material matter, in that it represented that P.M. was entitled to claim a business loss of $13,553 on IRS Form 1040, line 12, whereas, as CLAUDE ARTHUR VERBAL, II, then well knew, P.M. did not incur such a business loss in the amount claimed; in violation of Title 26, United States Code, Section 7206(2).

COUNT FOUR

On or about January 8, 2007, in the County of Durham, in the Middle District of North Carolina, CLAUDE ARTHUR VERBAL, II, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under the Internal Revenue laws of a U.S. Individual Income Tax Return, Form 1040,

for the calendar year 2006, for a taxpayer whose initials are L.R., which was false and fraudulent as to a material matter, in that it represented that L.R. was entitled to claim education expenses of $1,687 on IRS Form 8863, line 1c, and to claim a business loss of $8,698 on IRS Form 1040, line 12, whereas, as CLAUDE ARTHUR VERBAL, II, then well knew, L.R. did not incur the business loss and education expenses in the amounts claimed; in violation of Title 26, United States Code, Section 7206(2).

COUNT FIVE

On or about January 9, 2007, in the County of Durham, in the Middle District of North Carolina, CLAUDE ARTHUR VERBAL, II, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under the Internal Revenue laws of a U.S. Individual Income Tax Return, Form 1040, for the calendar year 2006, for a taxpayer whose initials are K.F., which was false and fraudulent as to a material matter, in that it represented that K.F. was entitled to claim education expenses of $1,250 on IRS Form 8863, line 1c, and to claim a business loss of $10,825 on IRS Form 1040, line 12, whereas, as CLAUDE ARTHUR VERBAL, II, then well knew, K.F. did not incur the business loss and education expenses in the amounts claimed; in violation of Title 26, United States Code, Section 7206(2).

## COUNT SIX

On or about January 10, 2007, in the County of Durham, in the Middle District of North Carolina, CLAUDE ARTHUR VERBAL, II, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under the Internal Revenue laws of a U.S. Individual Income Tax Return, Form 1040, for the calendar year 2006, for a taxpayer whose initials are C.M., which was false and fraudulent as to a material matter, in that it represented that C.M. was entitled to claim a business loss of $13,017 on IRS Form 1040, line 12, whereas, as CLAUDE ARTHUR VERBAL, II, then well knew, C.M. did not incur the business loss in the amount claimed; in violation of Title 26, United States Code, Section 7206(2).

## COUNT SEVEN

On or about January 12, 2007, in the County of Durham, in the Middle District of North Carolina, CLAUDE ARTHUR VERBAL, II, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under the Internal Revenue laws of a U.S. Individual Income Tax Return, Form 1040, for the calendar year 2006, for Leslie Louise Brewster, which was false and fraudulent as to a material matter, in that it represented that Leslie Louise Brewster was entitled to claim a dependent with initials L.H. on IRS Form 1040, line 6c, whereas, as CLAUDE ARTHUR VERBAL, II, then well knew, Leslie Louise

11

Brewster did not have a dependent with initials L.H.; in violation of Title 26, United States Code, Section 7206(2).

COUNT EIGHT

On or about January 12, 2007, in the County of Durham, in the Middle District of North Carolina, CLAUDE ARTHUR VERBAL, II, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under the Internal Revenue laws of a U.S. Individual Income Tax Return, Form 1040, for the calendar year 2006, for a taxpayer whose initials are T.F., which was false and fraudulent as to a material matter, in that it represented that T.F. was entitled to claim education expenses of $1,674 on Form 8863, line 1c, and to claim a business loss of $5,077 on IRS Form 1040, line 12, whereas, as CLAUDE ARTHUR VERBAL, II, then well knew, T.F. did not incur the business loss and education expenses in the amounts claimed; in violation of Title 26, United States Code, Section 7206(2).

COUNT NINE

On or about January 16, 2007, in the County of Durham, in the Middle District of North Carolina, CLAUDE ARTHUR VERBAL, II, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under the Internal Revenue laws of a U.S. Individual Income Tax Return, Form 1040, for the calendar year 2006, for a taxpayer whose initials are N.H., which was false and fraudulent as to a material matter, in

that it represented that N.H. was entitled to claim a business loss of $13,444 on IRS Form 1040, line 12, whereas, as CLAUDE ARTHUR VERBAL, II, then well knew, N.H. did not incur the business loss in the amount claimed; in violation of Title 26, United States Code, Section 7206(2).

## COUNT TEN

On or about January 25, 2007, in the County of Durham, in the Middle District of North Carolina, CLAUDE ARTHUR VERBAL, II, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under the Internal Revenue laws of a U.S. Individual Income Tax Return, Form 1040A, for the calendar year 2006, for a taxpayer whose initials are A.S., which was false and fraudulent as to a material matter, in that it represented that A.S was entitled to claim education expenses of $1,700 on Form 8863, line 1c, and to claim a dependent with the initials C.W. on IRS Form 1040, line 6c, whereas, as CLAUDE ARTHUR VERBAL, II, then well knew, A.S. did not have such a dependent and did not incur education expenses in the amount claimed; in violation of Title 26, United States Code, Section 7206(2).

## COUNT ELEVEN

On or about January 26, 2007, in the County of Durham, in the Middle District of North Carolina, CLAUDE ARTHUR VERBAL, II, did willfully aid and assist in, and procure, counsel, and

13

advise the preparation and presentation under the Internal Revenue laws of a U.S. Individual Income Tax Return, Form 1040, for the calendar year 2006, for a taxpayer whose initials are M.T., which was false and fraudulent as to a material matter, in that it represented that M.T. was entitled to claim education expenses of $1,700 on Form 8863, line 1c, and to claim a business loss of $23,903 on IRS Form 1040, line 12, whereas, as CLAUDE ARTHUR VERBAL, II, then well knew, M.T. did not incur the business loss and education expenses in the amounts claimed; in violation of Title 26, United States Code, Section 7206(2).

## COUNT TWELVE

On or about January 29, 2007, in the County of Durham, in the Middle District of North Carolina, CLAUDE ARTHUR VERBAL, II, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under the Internal Revenue laws of a U.S. Individual Income Tax Return, Form 1040, for the calendar year 2006, for a taxpayer whose initials are N.B., which was false and fraudulent as to a material matter, in that it represented that N.B. was entitled to claim a business loss of $4,650 on IRS Form 1040, line 12, whereas, as CLAUDE ARTHUR VERBAL, II, then well knew, N.B. did not incur the business loss in the amount claimed; in violation of Title 26, United States Code, Section 7206(2).

## COUNT THIRTEEN

On or about January 29, 2007, in the County of Durham, in the Middle District of North Carolina, CLAUDE ARTHUR VERBAL, II, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under the Internal Revenue laws of a U.S. Individual Income Tax Return, Form 1040, for the calendar year 2006, for a taxpayer whose initials are Q.A., which was false and fraudulent as to a material matter, in that it represented that Q.A. was entitled to claim business income of $11,639 on IRS Form 1040, line 12, whereas, as CLAUDE ARTHUR VERBAL, II, then well knew, Q.A. did not incur business income in the amount claimed; in violation of Title 26, United States Code, Section 7206(2).

## COUNT FOURTEEN

On or about February 5, 2007, in the County of Durham, in the Middle District of North Carolina, CLAUDE ARTHUR VERBAL, II, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under the Internal Revenue laws of a U.S. Individual Income Tax Return, Form 1040, for the calendar year 2006, for a taxpayer whose initials are D.H., which was false and fraudulent as to a material matter, in that it represented that D.H. was entitled to claim a business loss of $4,711 on IRS Form 1040, line 12, whereas, as CLAUDE ARTHUR VERBAL, II, then well knew, D.H. did not incur the

business loss in the amount claimed; in violation of Title 26, United States Code, Section 7206(2).

COUNT FIFTEEN

On or about February 9, 2007, in the County of Durham, in the Middle District of North Carolina, CLAUDE ARTHUR VERBAL, II, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under the Internal Revenue laws of a U.S. Individual Income Tax Return, Form 1040, for the calendar year 2006, for a taxpayer whose initials are T.F., which was false and fraudulent as to a material matter, in that it represented that T.F. was entitled to claim a business loss of $27,073 on IRS Form 1040, line 12, whereas, as CLAUDE ARTHUR VERBAL, II, then well knew, T.F. did not incur the business loss in the amount claimed; in violation of Title 26, United States Code, Section 7206(2).

COUNT SIXTEEN

On or about February 20, 2007, in the County of Durham, in the Middle District of North Carolina, CLAUDE ARTHUR VERBAL, II, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under the Internal Revenue laws of a U.S. Individual Income Tax Return, Form 1040, for the calendar year 2006, for a taxpayer whose initials are V.R., which was false and fraudulent as to a material matter, in that it represented that V.R. was entitled to claim a dependent

with initials C.I. on IRS Form 1040, line 6c, whereas, as CLAUDE ARTHUR VERBAL, II, then well knew, V.R. did not have a dependent with initials C.I.; in violation of Title 26, United States Code, Section 7206(2).

A TRUE BILL:

_____

_____
FRANK J. CHUT, JR.
ASSISTANT UNITED STATES ATTORNEY


_____
JONATHAN R. MARX
TRIAL ATTORNEY

_____
RIPLEY RAND
UNITED STATES ATTORNEY